LAZARE POTTER GIACOVAS & MOYLE LLP
875 Third Avenue, 28th Floor
New York, New York 10022
Telephone (212) 758-9300
Facsimile: (212) 888-0919
Attorneys for Petitioner,
ISMT Ltd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
ISMT LTD.,                                                                Case No.

         Petitioner,                    **PETITION TO VACATE**
                                                                                   **ARBITRATION AWARD**
 v.

FREMAK INDUSTRIES, INC.,

         Respondent.
-------------------------------------------------------------x

   Petitioner, ISMT LTD., ("ISMT" or "Petitioner"), by and through its attorneys of record, Lazare Potter Giacovas & Moyle LLP, alleges as follows:

### NATURE OF THE PROCEEDING AND RELIEF SOUGHT

   1.  ISMT commences this proceeding to vacate in part, an International Chamber of Commerce ("ICC") arbitration award entered in favor of Respondent, Fremak Industries, Inc. ("Fremak" or "Respondent") in Case No. 20784/RD (the "Award"), pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10 et seq., ("FAA"). During the course of discovery and into the hearing, the Tribunal improperly limited ISMT's ability to conduct discovery of certain financial documents and testimony of Fremak's and a third party, Traxys North America LLC ("Traxys") that would have revealed the full extent Fremak's fraudulent transfer of its entire business over to a Joint Venture ("JV") it entered into in July 2013, and drastically reduced

Fremak's damages.  A true and correct copy of the Award, which consists of a partial award, dated November 10, 2017, is attached as Exhibit 1 to the Declaration of Robert A. Giacovas, Esq., filed herewith, and incorporated by reference herein.  Because the exclusion of these documents and testimony denied ISMT a meaningful opportunity to present pertinent and material evidence to refute Fremak's claimed damages, the proceedings were fundamentally unfair, and the Award must be vacated.

## PARTIES

2. Petitioner ISMT is a corporation organized under the laws of the Republic of India with a principal place of business at Lunkad Tower, Viman Nigar, Pune-14, India.  ISMT is a steel manufacturer that produces, among other things, seamless steel tubes used in the oil and gas industry.  ISMT uses distributors to sell tubular products overseas and has used Fremak to sell products in the United States.

3. Respondent Fremak is a New York corporation with a principal place of business at 150 East 58th Street, New York, New York.  Fremak, which is the claimant in the Arbitration, is an importer and distributor.  It acts as a middleman, importing tubular products used in the drilling and transportation of oil and natural gas from international manufacturers such as ISMT, and sells those products to customers in the United States.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction to confirm an arbitral award in favor of a foreign party pursuant to 28 U.S.C. § 1330(a) because this is an action under 28 U.S.C. § 1605(a)(6) to confirm an arbitration award that is governed by a treaty providing for the recognition and enforcement of arbitral awards to which the United States is a party.

5. This Court also has subject matter jurisdiction to confirm arbitral awards governed by the Convention on the Recognition and enforcement of Foreign Arbitral Awards of June 10, 1958 (The "New York Convention") pursuant to Section 203 of the Federal Arbitration Act, 9 U.S.C. § 203.

6. Venue is proper in this Court pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(a) since a substantial part of the events or omissions giving rise to the claims of Respondent occurred in this district, Respondent resides in this district, and all parties are subject to personal jurisdiction in this district.

## FACTS

7. Fremak commenced this Arbitration on January 15, 2015, for indemnification, breach of contract, and various other torts stemming from a well failure that occurred in July 2012, and the ensuing litigation entitled *Joy Pipe USA, L.P. v. Fremak Industries, Inc. and ISMT Limited* (Case No. 13-2153), which was filed in the United States District Court of the Southern District of Texas-Houston Division.  In that litigation, the plaintiff, Joy Pipe USA, L.P. sued both Fremak and ISMT, asserting various claims in products liability.

8. In the Arbitration, Fremak initially sought $1 million in damages for purported loss of good will and lost business opportunity. In or about July 2015, Fremak filed for bankruptcy and increased its damages claim to $8 million for alleged total destruction of Fremak's business. This change in damages occurred immediately following the District Court entering judgment in ISMT's favor for $4.1 million for an award in a related ICC arbitration, based on the same incident leading to Joy Pipe's filing suit.

9. The crux of Fremak's case was that because of ISMT's breach, all of Fremak's customers ceased doing business with Fremak, leading to its bankruptcy and its $8 million in lost business, lost good will and lost profits.

10. During the years that the litigation between the parties ensued, ISMT became aware through its contacts in the oil and gas industry that Fremak's principal and sole owner, Leon Goldenberg ("Goldenberg") had started up a new JV with Traxys and was conducting the same business through that JV that he did through the now-bankrupt Fremak.

11. This became ISMT's principal defense to Fremak's breach of contract claim and its claim for $8 million in damages.

12. In order to prove its theory ISMT took two tactics: (1) it sought relevant discovery directly from Fremak and Goldenberg; and (2) it sought discovery directly from Traxys. ISMT's efforts to prove its defense were, however, thwarted by the Tribunal at every turn and only very limited discovery was allowed into the issue of Fremak's relationship with Traxys and the JV.

13. As a result, the Tribunal almost completely disregarded the JV and profits earned by Fremak therein, and instead awarded Fremak $2,039,957.10 damages that it did not actually sustain.

14. This outcome would have been different had ISMT been permitted to obtain the discovery it sought regarding the full nature of Goldenberg's true relationship with Traxys and the JV.

15. The Tribunal's decision to severely limit ISMT's right to discovery from Fremak regarding its and its principal's relationship with Traxys, and the Tribunal's refusal to allow ISMT to seek discovery from Traxys itself, was prejudicial to ISMT which rendered the proceeding "fundamentally unfair," giving rise to arbitral misconduct under 9 U.S.C. § 10(a)(3).

## **CLAIM FOR RELIEF - VACATUR**
### **(9 U.S.C. § 10)**

14. Under the ICC rules and the FAA, a party is entitled to all evidence pertinent and material to the controversy.

15. Although ISMT sought discovery of relevant documents, information, and testimony that would have shown a fraudulent transfer of Fremak's assets to a joint venture, Traxys, and would have supported ISMT's defense to Fremak's breach of contract claim and damages of $8 million, the Tribunal improperly denied its requests.

16. The Tribunal's improper denial and exclusion of this evidence denied ISMT a meaningful opportunity to present pertinent and material evidence, which rendered the proceeding fundamentally unfair and constitutes misconduct warranting vacatur of the Award.

17. Therefore, the Award finding in favor of Fremak should be vacated pursuant to 9 U.S.C. § 10(a)(3).

WHEREFORE, Petitioner respectfully requests an order:

1. Vacating that portion of the Award determining that ISMT is liable for $2,039,957.10 for breach of contract, including pre- and post-judgment interest;

2. Remanding the case to the Tribunal for further proceedings to provide ISMT an opportunity to take the discovery sought and necessary to its defense;

3. Ordering the Tribunal to re-consider the breach of contract cause of action following said discovery; and

4. Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
       May 21, 2018

>                    LAZARE POTTER GIACOVAS
>                         & MOYLE LLP
>
>                    By: /s/ Robert A. Giacovas
>                        Robert A. Giacovas
>                        rgiacovas@lpgllp.com
>                        Lainie E. Cohen
>                        lcohen@lpgllp.com
>                        875 Third Avenue, 28th Floor
>                        New York, New York 10022
>                        Telephone (212) 758-9300
>                        Facsimile:  (212) 888-0919
>
>                        *Attorneys for Petitioner*
>                        *ISMT Ltd.*